**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| Daniel Holmes, ) | |
| ) | CR No. 9:04-cr-0429 |
| Movant, ) | |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Daniel Holmes ("Movant") is a federal inmate currently housed at FCI Estill in Estill, South Carolina. On May 5, 2017, Movant, proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence. ECF No. 228. This matter is before the court on a motion to dismiss filed by Respondent United States of America (the "government") on July 7, 2017. ECF No. 235. By order filed July 10, 2017, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the dismissal procedures and the possible consequences if he failed to respond adequately. Movant filed a response to the government's motion on August 2, 2017, to which he filed a supplement on August 14, 2017. ECF Nos. 238, 239.

**I.     FACTUAL AND PROCEDURAL HISTORY**

On April 14, 2004, a federal grand jury returned a two count Indictment charging Movant with conspiracy to distribute cocaine base and cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C), and 846 (Count 1); and possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. §§ 924 (c)(1)(A) and (O) (Count 2). ECF No. 1. On

1

May 3, 2007, a jury found Movant guilty of the offense charged in Count 1 and not guilty of the offense charged in Count 2. ECF No. 109. On May 8, 2007, Movant filed a pro se notice of appeal. ECF No. 112. On December 1, 2008, Movant's counsel filed a second notice of appeal.[1] ECF No. 169. On December 4, 2008, Movant was sentenced by the Honorable Sol Blatt, Jr. to a term of imprisonment of life. ECF No. 170. The United States Court of Appeals for the Fourth Circuit issued a mandate affirming this court's sentencing decision on June 22, 2010. ECF No. 195.

On May 17, 2012, Movant filed a § 2255 motion, asserting that his trial and appellate counsel were ineffective. ECF No. 199. On May 29, 2012, the government filed a motion to dismiss or, in the alternative, for summary judgment. ECF No. 202. Judge Blatt granted summary judgment in favor of the government on May 2, 2013. ECF No. 207.

President Obama commuted Movant's sentence on November 4, 2016. ECF No. 250-2. Based upon this commutation, Movant's release date, as calculated by the Bureau of Prisons, is July 29, 2022.[2] See https://www.bop.gov/inmateloc/ (accessed 9/17/19). Movant's current § 2255 motion asserts that his post- clemency sentence failed to take into account the jail time that Movant already served. ECF No. 228 at 7.

## II. DISCUSSION

The government contends that this court is without jurisdiction to consider Movant's § 2255 motion due to President Obama's grant of executive clemency. In <u>United States v. Surratt</u>,

---

[1] Movant filed both notices of appeal before judgment was entered. This appeal was treated as if it had been filed after judgment had been entered. See Fed. R. App. P. 4(b)(2) ("A notice of appeal filed after the court announces a decision, sentence, or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.").
[2] In the government's motion to dismiss, the Assistant United States Attorney incorrectly stated that Movant's release date was January 19, 2019. ECF No. 235-1 at 3.

2

855 F.3d 218 (4th Cir. 2017), the defendant moved under 28 U.S.C. § 2241 and 28 U.S.C. § 2255, asserting that he was entitled to relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (holding that a predicate felony conviction for purposes of the Controlled Substances Act must be an offense punishable by imprisonment for a term exceeding one year) (citing Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010)). The district court determined that the defendant was not entitled to seek relief under the "savings clause" of § 2255, which permits a court to entertain a successive petition under § 2241 if it appears that the remedy available under § 2255 is inadequate or ineffective to test the legality of detention. Surratt, 855 F.3d 223-24. On appeal, the Fourth Circuit initially affirmed the district judge, but then vacated and granted a rehearing en banc. Before the Fourth Circuit made a final determination, President Barak Obama commuted Surratt's sentence. The Fourth Circuit dismissed the appeal as moot. In a concurring opinion, Judge Wilkinson observed that the defendant was

> no longer serving a judicially imposed sentence, but a presidentially commuted one. The President's commutation order simply closes the judicial door. Absent some constitutional infirmity in the commutation order, which is not present here, we may not readjust or rescind what the President, in the exercise of his pardon power, has done.
>
> It matters not whether we believe the commutation was too lenient or not lenient enough. We are simply without power to inject ourselves into the lawful act of a coordinate branch of government—one that Surratt willingly agreed to—and supersede a presidential pardon or commutation with a contravening order of our own. After all, "[i]t would be a curious logic to allow a convicted person who petitions for mercy to retain the full benefit of a lesser punishment with conditions, yet escape burdens readily assumed in accepting the commutation which he sought."

Id. at 219-20 (quoting Schick v. Reed, 419 U.S. 256, 267 (1974)).

Judge Wynn dissented from the dismissal. Judge Wynn disagreed that the appeal was moot, and noted that

> if we were to accord [the defendant] the relief that even the government concedes is

3

> fair by vacating [the defendant's] sentence and remanding for resentencing, [the defendant] would likely be released because his time-served exceeds the upper end of his now-applicable Guidelines range. None of us disputes that. And, even under his commuted sentence, today's dismissal of [the defendant's] action as moot means [the defendant] will remain in prison for, at a minimum, several more years. None of us disputes that. It should therefore follow that the disposition of [the defendant's] appeal will likely determine whether [the defendant] remains in prison or is released—meaning that [the defendant's] action is not moot because he retains a decidedly "concrete interest" in the resolution of his case.

Id. at 221.

Regarding the President's commutation, Judge Wynn stated,

> [F]ederal courts are not categorically precluded from collaterally reviewing sentences imposed under the President's Article II, section 2 powers, and the length of those sentences, in particular. Rather, the relevant question is whether collateral review is appropriate *in this case*.

Id. at 228.

In United States v. Walker, Case No. 1:94-CR-5, 2019 WL 1226856 (N.D. Ohio March 15, 2019), the district court rejected Surratt, stating that "there is relief available for [the defendant] so the mootness doctrine does not apply" and "[t]o find otherwise would penalize defendants for receiving presidential commutations." See also United States v. Pugh, Case No. 5:95 CR 145, 2019 WL 1331684 (N.D. Ohio March 25, 2019). However, in Blount v. Clarke, 890 F.3d 456 (4th Cir.2018), the Fourth Circuit cited with approval Judge Wilkinson's reasoning. The Fourth Circuit held that the district court was not free to decline to follow Surratt. Thus, the court is constrained to follow Fourth Circuit precedent and finds that Movant's motion is moot.

The government also contends that even if Movant's motion were not moot, Movant's § 2255 motion should be dismissed as a successive motion for which Movant has not obtained

4

authorization from the Fourth Circuit. The government also contends that Movant's motion is untimely. The court agrees with both of the government's arguments.

Pursuant to 28 U.S.C. § 2255(h):

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Additionally, 28 U.S.C. 2255 (f) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A conviction becomes final when: 1) the opportunity to appeal the district court's judgment expires; 2) the defendant's opportunity to file a petition for writ of certiorari expires; or 3) the United States Supreme Court denies a petition for writ of certiorari. United States v. Clay, 537 U.S. 522, 524-25, 532 (2003).

Movant contends that his motion is not a second motion because his sentence was commuted, and therefore became subject to a new judgment. ECF No. 239 at 1. Therefore, he asserts that his motion is timely. Id. In support of that proposition, Movant relies upon Magwood v. Patterson, 561 U.S. 320 (2010). Movant's reliance is misplaced. In that case, the

5

Supreme Court held that a movant's § 2254 motion was not a second-in-time motion because Movant had been re-sentenced by the trial court and was therefore subject to a new judgment. Id. at 331. That is not the case here. The court did not resentence Movant, and Movant is not subject to a new judgment from this court. In the alternative, Movant argues that his motion is not successive because it is a "late-ripening" claim – a claim that a court could not have considered before because the facts surrounding the claim had yet to occur. ECF No. 239 at 2. Movant relies upon Supreme Court precedent, including Panetti v. Quarterman, 551 U.S. 930 (2007) and Stewart v. Martinez-Villareal, 523 U.S. 637 (1998). Movant's reliance is misplaced. In Panetti, the Court restricted its holding to cases where the issue of competency for execution was raised. 551 U.S. 930 at 945. In Stewart, the Court held that a claim of competency for execution previously brought when it was not ripe but then re-asserted when it became ripe was not a second-in-time motion. 523 U.S. at 638. Neither of these factual circumstances are present in this case. Accordingly, because Movant has not been granted authority to file a successive petition by the Fourth Circuit Court of Appeals, and because Movant's motion is untimely[3], the court is without jurisdiction to consider Movant's current § 2255 motion. See United States v. Winestock, 340 F.3d 200, 205-07 (4th Cir. 2003)(citing 28 U.S.C. § 2244(b)(3)(A)).

### III. CONCLUSION

For the reasons stated, the government's motion to dismiss is granted. Movant's § 2255 motion is dismissed, without prejudice.

---

[3] Movant's conviction became final one year after his appeal was denied on June 22, 2010. Thus, the deadline for Movant to file a timely § 2255 motion would have been June 22, 2011. ECF No. 195.

6

## IV.  CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that Movant has not made the requisite showing.  Accordingly, the court denies a certificate of appealability.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Charleston, South Carolina
September___25__, 2019